

FILED

APR 2 4 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

Plaintiff's Name __Phia Lee__
Inmate No. __K-62213__
Address __P.O. Box 8503__
   __Coalinga, CA. 93210-8503__

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

__Phia Lee, et al.,__

(Name of Plaintiff)

vs.

__M. Hodges Wilkins, R. H.__
__Trimble, C. Hudson, E. H.__
__Beels, Lieutenant R.__
__Corley, John Doe,__
(Names of all Defendants)

1: 0 8 CV   0 0 5 6 8 OWW DLB PC

(Case Number)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

I. **Previous Lawsuits (list all other previous or pending lawsuits on back of this form):**

   A.   Have you brought any other lawsuits while a prisoner?  Yes ___ No x x

   B.   If your answer to A is yes, how many? __N/A__
        Describe previous or pending lawsuits in the space below.
        (If more than one, use back of paper to continue outlining all lawsuits.)

        1. Parties to this previous lawsuit:

        Plaintiff ____N/A_____

        Defendants __N/A_____

        _____

        2. Court (if Federal Court, give name of District; if State Court, give name of County)
           __N/A_____

        3. Docket Number __N/A__          4. Assigned Judge __N/A__

        5. Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)
           __N/A_____

        6. Filing date (approx.) __N/A__     7. Disposition date (approx.) __N/A__

II.    **Exhaustion of Administrative Remedies**

A.    Is there an inmate appeal or administrative remedy process available at your institution?

Yes<u>XX</u> No___

B.    Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes<u>XX</u> No___ (under Title 15 §3084.2(f)).

If your answer is no, explain why not____<u>N/A</u>_____

C.    Is the process completed? The process is completed (exhausted) if: (1) your appeal was granted at one of the levels of review, or (2) you pursued your appeal to the final level of review available.

Yes <u>XX</u>    If your answer is yes, briefly explain what happened at each level.

<u>Informal level explained why the religious items were taken;</u>
<u>Formal level partially granted but nothing was done;</u>
<u>Second level partially granted but nothing change again;</u>
<u>Third level denied.</u>

No___    If your answer is no, explain why not.

_____<u>N/A</u>_____

**NOTICE:**    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. *Booth v. Churner*, 121 S. Ct. 1819, 1825 (2001). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** *Id.* at 1821.

### III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant __M. Hodges Wilkins__ is employed as __Appeals Examiner__ at __the Director Level of Reviewer.__

B. Additional defendants __R.H. Trimble (Associate Warden of Business Services), C. Hudson (Appeals Coordinator), E.H. Beels (Associate Warden of Central Operations), Lieutenant R. Corley (Internal Affairs), John Doe (Evidence Officer of ISU). All defendants work at PVSP except defendant M. Wilkins.__

### IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

PLEASE SEE ATTACHED PAGES OF THE SUPPLEMENTAL COMPLAINT.

### V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

PLEASE SEE ATTACHED PAGES OF THE "PRAYER FOR RELIEF" IN THE SUPPLEMENTAL COMPLAINT.

I declare under penalty of perjury that the foregoing is true and correct.

Date __04/08/08__      Signature of Plaintiff___Plia Lee___

3

PHIA LEE
CDCR# K-62213 / C2-249
POST OFFICE BOX 8503
COALINGA, CALIFORNIA 93210-8503

In Propria Personam

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)
-ooOoo-

PHIA LEE, VOUA YANG, ALLADIN                    )    CASE No:
PANGILINAN, SAM-BAN CHENG,                      )
                         Plaintiffs,            )    SUPPLEMENTAL COMPLAINT
                                                )    (Title 42 U.S.C. §1983)
            -v-                                 )
                                                )
                                                )
M. Hodges Wilkins, Appeals Examiner             )
R. H. Trimble, Acting Warden                    )
C. Hudson, Appeals Coordinator                  )
E.H. Beels, Associate Warden, Central Op.)
Lt. R. Corley, Investigate Services Unit )
John Doe, Evidence Officer of ISU,              )
                         Defendants             )
Individually and In Their Official              )
                         Capacity.              )

I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. section
1983 to redress the deprivation, under color of state law, of rights
secured by the Constitution of the United States. This Court has
jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiffs
seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.
Plaintiffs also seek compensatory damages and compensatory relief.

— 1 —

## II. PLAINTIFFS

3.   Plaintiffs, Phia Lee, Voua Yang, Alladin Pangilinan, Sam-Ban Cheng, are and was at all times mentioned herein a prisoner(s) of the State of California in the custody of the California Department of Corrections & Rehabilitation (CDCR). They are currently confined in Pleasant Valley State Prison (PVSP), in Coalinga, California.

## III. FACTS

On February 22, 2007, the Appeal Coordinator advised plaintiffs to rewrite the CDCR 602 and send it to the informal level. The Appeals Coordinator refused to forward the CDCR 602 to the First Level. (Title 15 §3084.5(a)(3)(F).

Wherefore, plaintiff specially described the problem as being:

"'Problem:' In September of 2006, two Buddhist inmates received their packages, which contained: spiritual relaxation music, incense sticks, prayer mat, etc.. These two packages was no flag by the ISU. On October 15, 2006, plaintiff Cheng filed a civil complaint against Acting Warden J. Mattingly, for denying his religious rights. In November of 2006, plaintiffs Pangilinan (P-42505, C3-211) and Lee (K-62213, C3-211) received their spiritual packages, which contained: Lucky Buddha statue [made out of jade] (which was kept in the chapel for use during services), spiritual relaxation music, and some incense sticks. The ISU inspected the packages and took pictures of it before they gave it to the proper authority to issue to inmates Pangilinan and Lee. In December of 2006, plaintiff Yang (P-14713, C2-205) received a similar package, and the ISU took pictures of that also. On January 9, 2007, plaintiff Cheng received a spiritual package, which contained: a religious waistband and a religious handkerchief (paper) with ancient writing on it that his dad went to get from Kampuchea (Cambodia), and the ISU also took pictures of it. PROBLEM: On January 19, 2007 the ISU raided the cell and that of three other Buddhist inmates (plaintiffs Pangilinan, Lee, Yang). The ISU showed plaintiff Cheng pictures of his religious items that they wanted to take. (Title 15 §3287(a)(4)). No search slip was given to any inmates. They also took some personal properties and the Lucky Buddha statue that was in the chapel. (Title 15 §3287(a)(2)). On that same day, January 19, 2007, the ISU Lt. R. Corley interviewed us (except plaintiff Lee). (Title 15 §3084.5(a)). Before the tape recorded interview, Lt. R. Corley told plaintiff Pangilinan that he has nothing against our religion and that it was "someone else". (Title 15 §3287(c) and 3084.1(d)). The only logical inference can be that he was referring to J. Mattingly, Acting Warden. He is the only person who have the authority to order the ISU to do what they did to us, the spiritual items were already examined and approved by the ISU that it was not a security issue before being given to Buddhist inmates, so there was no reasonable cause to take them from us. The items is also not illegal since I have a written approval (See Exhibit "B") to possess it and in fact pose no threat to the safety and security of the institution, staff, and other inmates, and the ISU is not even pretending that they do. I also have proofthat my stuff are religious. (See Exhibit "A"). The only religious packages

that are confiscated are the one that was sent after the civil complaint was filed against J. Mattingly, Acting Warden. (Title 15 §3084.1(d)). This denied Buddhist inmates our right to practice our belief and to be treated fairly. (Title 15 §3004(a)(c)). (See Exhibit "1").

Section "B" of the Inmate Appeal is designated for the "Action Requested" by the appellant(s)-prisoner(s). In that particular section plaintiffs stated:

Action Requested: I request for the ISU to return our (personal) property and replace my religious items that they desecrated (when they took it from my possess[ion] and throwing it in a garbage bag) with same or similar RELIGIOUS VALUE. (Title 15 § 3193 (b)). Also, Title 15 §3084.1(d).

The appeal was mailed to the Informal Level. On March 14, 2007, Evidence Officer of the ISU John Doe, determined that:

The items in question are being held· pending the outcome of an investigation. The disposition of the items will be determined by the outcome of that investigation. You will be notified as to the circumstances if appropriate, at the close of the investigation.

The plaintiff has already stated to Lieutenant R. Corley during the interviewed that he have a written approval to obtain the spiritual items. On March 19, 2007, plaintiffs delineated his grievance as:

If the ISU are really· doing an investigation, they could have taken the pictures of the religious items that they took, go to any Khmer (Cambodian) Buddhist Temple, ask any Khmer Buddhist monk and the monk will explain what the religious items are and the purpose / use of the items for. The same way the Native American Spiritual Leader Danny D. Madrigal did. (See Exhibit "B" ). The ISU doesn't have to desecrate my religious items by taking it away from my possession. Also, the only spiritual items they took are the one that we (Buddhist inmates) received and sent in after the lawsuit (Case No: 1:06-CV-01456-AWI-SMS) I filed against PVSP. The items that we have and received before filing the lawsuit was not taken away from us. This showed that because of the lawsuit, ere being retaliated against. Plus, the ISU took personal items. that we ordered through special purchase that have nothing to do with their so-call investigation.

For taking our items (including the "Lucky Buddha" statue), it is preventing us from practicing our Buddhist belief. (See Departmental Operational Manual [D.O.M.], Chapter 5, Article 43, Section 54030.7 of Inmate Personal Property Acquisition on "Religious Items"). Since Pleasant Valley State Prison (PVSP) doesn't want Buddhist inmates to practice our belief; they should make a Memorandum / regulations stating that it is illegal to be a Buddhist and / or to possess any materials use for practicing Buddhism. This prison already treated Buddhist religion unfairly and unequally, they might as well make a regulation stating it. (See CDCR 602 Log#: PVSP-C- 05-03727). (See Exhibit "2").

Plaintiffs' appeal was logged as PVSP-C-07-00792 and was assigned to Lieutenant R. Corley as the investigator for the First Level Reviewer, E. H. Beels. On October 29, 2007, Lieutenant R. Corley responded to plaintiffs' appeal by stating:

This is in response to your Inmate / Parole Appeal Form CDCR 602. On April 3, 2007, R. Corley, Correctional Lieutenant, interviewed you regarding your appeal.

A thorough review of your appeal issue reveals the following information. There are no regulations that speak specifically to the Buddhist Religion, however there are regulations that address the manner in which the packages are received.

Departmental Operations Manual (DOM) (OP) 54030.10.9 Religious Items states, "Religious items are subject to approval by designated custody staff and the institutional chaplain. Custody staff shall consult institutional chaplains and spiritual leaders whenever possible when considering the disapproval of religious items."

Considering the above information, your appeal is partially granted in that all authorized items will be returned to the appropriate inmates upon the completion of the investigation. Lieutenant R. Corley's response was counter signed by E. H. Beels, Associate Warden for Central Operations. (See Exhibit "3").

Plaintiffs responded to the First Level Reviewers' response by stating:

I want my religious items replace. You can't just give me back after you desecrated my stuff. My dad flown half way around the world to get it. Plus, you disrespected my religion / belief when you desecrated my religious items. (Title 15 §3084.6(b)(2) & §3193(b).).

On December 03, 2007, an Appeals Coordinator at PVSP, C. Hudson was assigned as the investigator for the Second Level Reviewer, R.H. Trimble. Acting Warden. C. Hudson responded to plaintiffs' appeal by stating:

On November 29, 2007, Ms. Hudson contacted Lieutenant Corley for an update on the investigation. Lieutenant Corley indicated this issue continues to be an ongoing investigation. In addition, Lieutenant Corley stated the purpose of the consfication was in no was an effort to prevent inmates from practicing their religion, rather to enforce the policy as to how religious artifacts are to be obtained. You are advised, pending completion of the investigation, this issue has been fully addressed and should not be forwarded to the third level of review until such time it may be completely resolved.

DECISION: Your appeal is partially granted at the second level of review, as indicated in the first level response. (See Exhibit "4").

The Second Level Reviewer does not want plaintiffs to send their complaint forward until such time which then the time limit would expire and they can no

longer proceed with their complaint. On December 12, 2007, plaintiffs did not take the Second Level Reviewer's advise to wait for the time limit to expire by responding to the Third Level stating:

It is not my opinion that the confiscation of these items indicated PVSP does not allow Buddhist to practice their religion. (See Exhibit "C"). I said if PVSP does not want me to practice my belief they should put out a Memorandum. Also, you disrespected my belief. I do not want those desecrated items (waistband and handkerchief) back because they no longer hold the same religious value.

On March 19, 2008, M. Hodges Walkins acted on behalf of the Director of the CDCR and responded to plaintiffs' appeal stating:

All submitted documentation and supporting arguments have been consider. The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant modification of the SLR. Despite the advise of the Second Level reviewer, the appellant did submit his appeal to the Director's Level of Reviewer (DLR) prior to the completion of the investigation. As such, the appellant's property has not been returned to him or the other inmates involved in this investigation.

DECISION: Appeal is denied. (See Exhibit "5").

The Director's Level Reviewer did not consider the evidence (documentation) clearly, because if he had, he would realize that the First Level Reviewer Lieutenant R. Corley verify / admitted that he did took the plaintiffs' properties.


IV. INTRODUCTION TO BUDDHISM

Although it is customary to speak of Buddhism as one religious, in reality it is divided into several schools of thought. Based on different interpretations of the nature of the Buddha and his teachings, each has its own doctrines, practices, and scriptures. These schools are further divided into numerous groups and sects, many of which are heavily influenced by local cultures and traditions.

## V. LEGAL CLAIM
### I. THE FREE EXERCISE CLAUSE, FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

Defendants literally annulled the Free Exercise Clause of the First Amendment because plaintiffs' beliefs could not be associated with traditional or even an established American religion to be religious beliefs (see Africa v. Commonwealth of Pennsylvania, 662 F.2d 1025; and Love v. Reed, 216 F.3d 682). Plaintiffs does not have to follow every single rule of his religion, an his beliefs do not have to be the same as everyone else's in that particular religion (see LaFever v. Saffle, 936 F.2d 1117). The State has no Constitutional authority to know a person's membership in or support of any church, what a person believes, how he or she practices religion, or how he or she supports religious activities (see World Faith v. Morales, 787 F. Supp. 689).

### II. RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSON ACT (RLUIPA)

Congress promulgated, via the Religious Land Use And Institutionalized Person Act (RLUIPA), that: a person can not "impose a substantial burden on religious exercise of a person residing in or confined to an institution" unless the burden is (1) "in further of a compelling governmental interest" and (2) "the least restrictive means of further that compelling interest." (See Mayweather v. Newland, 314 F.3d 1062 (9th Cir. 2002) and Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).).

### III. FOURTEENTH AMENDMENT UNITED STATES CONSTITUTION

Defendant has special rules and give special benefits to members and / or participates of other traditional religions. While on the other hand, they deny plaintiffs similar their religion and because their religion does not have more practitioners readily available or have a Buddhist Chaplain. Prison Officials can not treat members of one religious affiliation differently just because they are few in number or does not have a Chaplain. (See Cruz v. Beto, 405 U.S. 319).

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully prays that this Court enter judgment granting plaintiffs:

1.    Declaration of his rights in accordance to the Free Exercise Clause of the United States Constitution of the First Amendment right to pray, meditate, and make offering at any time.

2.    Declaration of his rights via the RLUIPA to receive / possess materials that are required for the practicing of plaintiffs beliefs, on light of Penal Code §5030.1(a).

3.    Compensatory relief for payment of cost accrued by this litigation against each deferent, jointly and severally.

4.    Compensatory damages in the amount of payment of all personal cost to obtain the items / materials and the cost for the items / material:

(a)   the cost of 10 compact disc [$20.00 each] belonging to plaintiff LEE;

(b)   the cost of 10 compact disc [$20.00 each] belonging to plaintiff YANG;

(c)   the cost of the blessed jade "Lucky Buddha" statue (from the Philippine) [priceless], 12 compact disc [$20.00 each], standard size wallet [$25.00], pictures [irreplacable]; adress book with information [irreplacable], about 40 stamps [value at $15.60] belonging to plaintiff PANGILINAN;

(d)   the cost of a round trip plane ticket to Kampuchea (Cambodia) to obtain the blessed waistband / handkerchief and the cost of those items, including : one blessed waistband from Cambodia [priceless], one blessed handkerchief from Cambodia [priceless], a prayer mat [$14.00], 3 compact disc [$20.00 each], and 3 compact disc holder [$0.70 each] belonging to plaintiff CHENG;

5.    a jury trial on all issues triable by jury;

6.    any additional relief this Court deems just, proper and equitable.

**VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Coalinga, California on 8th day of April, duting the Year of 2008.

Dated: April 8, 2008

PHIA LEE, ET AL.,
plaintiff,
pro per.

**VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Coalinga, California on 8th day of April, duting the Year of 2008.

Dated: April 8, 2008

VOUA YANG,
co-plaintiff.

**VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Coalinga, California on 8th day of April, duting the Year of 2008.

Dated: April 8, 2008

ALLADIN PANGILINAN,
co-plaintiff.

**VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Coalinga, California on 8th day of April, duting the Year of 2008.

Dated: April 8, 2008

SAM-BAN CHENG,
Freelance Paralegal,
co-plaintiff.

# EXHIBIT



RECEIVED

DEC 19 2007

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: WSP-C   Institution/Parole Region

INMATE APPEALS
BRANCH

Log No. 07-00792   Category

1.

2.

1.

2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| CHENG, S. | K42221 | BUDDHIST CLERK "C"YARD | C2-240 LOW |

**A. Describe Problem:** On February 22, 2007, the Appeals Coordinator advised me to rewrite my CDCR 602 and send it to the informal level. The Appeals Coordinator refused to forward my CDCR 602 to the First level (Title 15 §3084.5(a)(3)(F).

In September of 2006, two Buddhist inmates received their packages, which contained: spiritual relaxation music, incense sticks, prayer mat, etc. These two packages was not flag by the ISU (Investigative Services Unit). On October 15, 2006, I filed a civil

If you need more space, attach one additional sheet.            (continue on next page...)

**B. Action Requested:** I requested for the ISU to return our property and replace my religious items that they desecrated (when they took it from my possess and throwing it in a garbage bag) with the same or similar RELIGIOUS VALUE. (Title 15§3193(b)). Also, Title 15 §3084.1(d).

Inmate/Parolee Signature: _____   Date Submitted: 02/22/07

**C. INFORMAL LEVEL (Date Received:** 3/13/07 )

Staff Response: THE ITEMS IN QUESTION ARE BEING HELD PENDING THE OUTCOME OF AN INVESTIGATION. THE DISPOSITION OF THE ITEMS WILL BE DETERMINED BY THE OUTCOME OF THAT INVESTIGATION. YOU WILL BE NOTIFIED AS TO THE CIRCUMSTANCES IF APPROPRIATE AT THE CLOSE OF THE INVESTIGATION.

Staff Signature: _____   Date Returned to Inmate: 3/14/07

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

If the ISU are really doing an investigation, they could have taken the pictures of the religious items that they took, go to any Khmer (Cambodian) Buddhist Temple, ask any Khmer Buddhist monk and the monk will explain what the religious items are and the (continue...:)

Signature: _____   Date Submitted: 03/19/07

Note: Property/Funds appeals must be accompanied by a completed   CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

MAR 27 2007

NOV 01 2007

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 3/27/07 _____ Due Date: 5/08/07

Interviewed by: _____

_____

SEE ATTACHED

_____

Staff Signature: _____ Title: 15 Date Completed: 9/28/07

Division Head Approved;
Signature: _____ Title: AW Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I want my religious items replace. You can't just give me back after you desecrated my stuff. My dad flown half way around the world to get it. Plus, you disrespected my religion/belief when you desecrated my religious items (Title 15 § 3084.6 (b)(2) & § 3193 (b).).

Signature: _____ Date Submitted: 10/29/07

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11/01/07 _____ Due Date: 11/29/07

☒ See Attached Letter

Signature: Hudson, Scott Date Completed: 11/29/07

Warden/Superintendent Signature: _____ Date Returned to Inmate: DEC 0 3 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

It is not my opinion that the confiscation of these items indicated PVSP does not allow Buddhists to practice their religion. (See Exhibit "C"). I said if PVSP does not want me to practice my belief, they should put out a Memorandum. Also, you disrespected my belief. I do not want those desecrated items (waistband and handkerchief) back because they no longer hold the same religious value.

Signature: _____ Date Submitted: 12/16/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☒ See Attached Letter
Date: MAR 1 9 2008

CDC 602 (12/87)

complaint against the Acting Warden J. Mattingly, for denying me my religious rights. In November of 2006, Buddhist inmate Pangilinan (P-42505, C3-211) and Lee (K-62213, C3-211) received their spiritual packages, which contained: Lucky Buddha statue (which was kept in the chapel for use during services), spiritual relaxation music, and some incense sticks. The ISU inspected the packages and took pictures of it before they gave it to the proper authority to issue to inmates Pangilinan and Lee. In December of 2006, Buddhist inmate Yang (P-14713, C2-205) received a similar package, and the ISU took pictures of that also. On January 9, 2007, I received a spiritual package, which contained: a religious waistband and a religious handkerchief (paper) with ancient writing on it that my dad went to get from Kampuchea (Cambodia), and the ISU also took pictures of it. PROBLEM: On January 19, 2007, the ISU raided my cell and that of three other Buddhist inmates (Pangilinan, Lee, and Yang). The ISU showed me pictures of my religious items that they wanted to take. (Title 15 § 3287(a)(4)). No search slip was given to any inmates. They also took some personal property and the Lucky Buddha statue that was in the chapel. (Title 15 § 3287(a)(2)). On that same day, January 19, 2007, the ISU Lt. R. Corley interviewed us (except inmate Lee). (Title 15 § 3084.5(a)). Before the tape recorded interview, Lt. R. Corley told inmate Pangilinan that he has nothing against our religion and that it was "someone else". (Title 15 § 3287(c) and 3084.1(d)). The only logical inference can be that he was referring to J. Mattingly, Acting Warden. He is the only person who have the authority to order the ISU to do what they did to us; the spiritual items were already examined and approved by the ISU that it was not a security issue before being given to

(continue over...)

Mead

Buddhist inmates, so there was no reasonable cause
to take them from us. The items is also not illegal
since I have a written approval (See Exhibit "B")
to possess it and in fact pose no threat to the safety
and security of the institution, staff, and other inmates,
and the ISU is not even pretending that they do. I
also have proof that my stuff are religious. (See
Exhibit "A"). The only religious packages that are
confiscated are the one that was sent after the
civil complaint was filed against J. Mattingly,
Acting Warden. (Title 15 § 3084.1(d)). This denied
Buddhist inmates our rights to practice our belief
and to be treated fairly. (Title 15 § 3004 (a)(c)).


PVFP 07-00792

| NAME | CDC # | CELL # | SIGNATURE |
|------|-------|--------|-----------|
| PANGILINAN | P-42505 | C3-211 Low | |
| YANG | P-14713 | C-2 # 205 up | |
| LEE | K-62213 | C3-211 up | |

Mead

# Traditional and Culture
# Of
# Cambodia

A Buddhist must follow the teaching of the Buddha. He who is a Buddhist must pay respect to all living creature, and their ancestor with incense, candles, and prayer rugs. And also must have a hip laces a secrets writing on a pieces of cloths. He must also have a statue of the Buddha with flowers around it and a bottle of clone in front of the Buddha with flowers around him with offerings along the sides, and the holy water in the middle of the prayer.

He also must a mini amulet of the Buddha on his neck as a necklaces. With the holy water you must drink and wash your face with it to pure the soul with the hip laces as well. With the secrets writing place near your heart to protect you from all spirit, with the perfume, flower, candles and incense.

It must be have to have to offer respect every night and every day. This is the traditional way of Cambodian (Khmers) Buddhism, it follow the teaching of the Buddha.

## វប្បធម៌  និងប្រពៃណីខ្មែរ

អ្នកកាន់ព្រះពុទ្ធសាសនា ត្រូវការគោរព មាន ទាន ធូប កម្រាលក្រាលថ្វាយបង្គំ ទឹកអប់ រូប ព្រះទឹកមន្ត ធ្មារ ខ្សៃរចង្កេះ កូនកន្សែងយន្ត រូបព្រះយកមកពាក់ក រ ទឹកមន្តយកមកជឹកលុប មុខធ្វើខ្សៃរចង្កេះអោយពាក់ កន្សែងយន្ត ទឹកអប់ ធ្មារ ទាន ធូប ុុកគ្រាន់គោរពបូជា រាល់ថ្ងៃ និង យប់នេះជាប្រពៃណីខ្មែរអ្នកកាន់ ព្រះពុទ្ធសាសនា ត្រូវគោរពតាម ។

វត្តធម្មរង្សី  ថ្ងៃទី ០៦ ខែ ០៣ ឆ្នាំ ២០០៦

EXHIBIT "A"

# MEMORANDUM

Date:       October 3, 2006

To:         Cheng, S., K-42221
            CFB2-240

Subject:    **RESPONSE TO LETTER**

This is in response to your letter dated September 9, 2006, to Al Bonilla, Community Resource Manager, and was assigned to me Danny Madrigal, Native American Chaplain, for investigation and response.

In your letter you state you are being denied to receive/possess items that are required for the practicing (Cambodian) Buddhist. You state that some of the items that you require are already approved for other religions. You state items such as candles, lighters, incense sticks, and cologne, are approved items for other religious groups.

During your interview you were told that an outside Buddhist religious authority was contacted concerning materials and objects which are necessary to their religious observance and they verified the use and necessity of the items, such as the "Katah", which is a braided string worn at all times around the waist and under the clothing. Items such as candles, lighters, incense sticks and cologne, are not approved items per Department Operations Manual (DOM), Article 19, Section 53050.2. All Buddhist materials and objects will be mailed directly to me for inspection and distribution.

DANNY MADRIGAL
Native American Spiritual Leader

EXHIBIT "B"

# Memorandum

Date    :       January 13, 2005

To      :       Cheng, K-42221
                CFB3-211 *132*

Subject :       **FIRST LEVEL RESPONSE, APPEAL LOG NO. PVSP-05-03727**

This is in response to your Inmate/Parolee Appeal Form (CDC 602). Your appeal
was referred to D. McGee, Chaplain, for the first level of review.

You state in your appeal that according to California Code of Regulations (CCR),
Title 15, Section 3210, which states, "Institution heads shall make every effort to
provide for the religious and spiritual welfare of all interested inmates."  You state
the following:

1.      You would like written approval of the Institution Head to receive or wear
        religious artifacts at anytime other than during religious events.

2.      You state that your First Amendment Right is denied where you cannot
        receive/possess religious materials such as a necklace, handkerchief with
        ancient writing on it, waistband, candles, books and incense sticks.

3.      You allege that Christian inmates receive comparable materials which are
        denied to Buddhist inmates.

4.      You request books written in Buddhist language.

In response, consider the following:

1.      You are permitted to wear/carry a medallion at anytime but other religious
        artifacts and materials are permitted only during scheduled religious events a
        per the California Department of Corrections and Rehabilitation (CDCR)
        Department Operations Manual (DOM), Article 19, Section 53050.2.
        Therefore, you will **not** receive approval.

2.      Your First Amendment Right is **not** denied here at Pleasant Valley State
        Prison (PVSP) as alleged because local Buddhist authorities have verified
        that the materials you list (e.g., handkerchief, waistband, incense sticks,
        candles) are **not** absolutely required.

EXHIBIT " C "

Cheng, K-42221
First Level Response, Appeal Log No. PVSP-C-05-03727
Page 2

3.    It is simply *not* true that Christian inmates receive comparable materials
      (such as necklace, bible, cassette tapes, etc.) denied to Buddhists.

4.    There is no specifically "Buddhist language," but you may receive paperback
      books relative to Buddhism, in accordance to CDCR and PVSP policies and
      procedures.

Considering the above information, your appeal is partially granted at the first level
review.

*Rev. D. McGee*

Rev. D. McGee
Protestant Chaplain
Pleasant Valley State Prison

Ray Galaviz
Associate Warden (A)
Central Operations

EXHIBIT " C1 "

# EXHIBIT



(continue from Section "D":):

purpose/use of the items for. The same way the Native American Spiritual Leader Danny D. Madrigal did. (See Exhibit "B"). The ISU doesn't have to desecrate my religious items by taken it away from my possession. Also, the only spiritual items they took are the one that we (Buddhist inmates) received and sent in after the lawsuit (Case No: 1:06-CV-01456-AWI-SMS) I filed agaisnt PVSP. The items that we have and received before filing the lawsuit was not taken away from us. This showed that because of the lawsuit, we are being retaliated against. Plus, the ISU took personal items that we ordered through special purchase that have nothing to do with their so-call investigation.

 For taking our items (including the "lucky Buddha" statue), it is preventing us from practicing our Buddhist belief. (See Departmental Operational Manual [D.O.M.], Chapter 5, Article 43, Section 54030.7 of Inmate Personal Property Acquisition on "Religious Items"). Since Pleasant Valley State Prison (PVSP) doesn't want Buddhist inmates to practice our belief; they should make a Memoradum/regulations stating that it is illegal to be a Buddhist and/or to possess any materials use for practicing Buddhism. This prison already treated Buddhist religion unfairly and unequally, they might as well make a regulation stating it. (See CDCR 602 Log #: PVSP-C-05-03727).

Mead

# EXHIBIT

"3"

# Memorandum

Date:      September 28, 2007

To:        Cheng, K-42221
           CFB2-240L

Subject:   **FIRST LEVEL APPEAL RESPONSE, LOG NUMBER PVSP-C-07-00792**

This is in response to your Inmate/Parolee Appeal Form (CDC 602). On April 3, 2007, R. Corley, Correctional Lieutenant, interviewed you regarding your appeal.

In your appeal you indicated the Investigative Services Unit (ISU), confiscated religious items and by doing so desecrated the items by taking them from your possession. You indicated the only items taken were items you received after having filed a lawsuit (Case Number: 1:06-CV-01456-AWI-SMS) against Pleasant Valley State Prison (PVSP), and as a result you feel this was done in retaliation for that lawsuit. You also indicated ISU confiscated personal items you ordered through Special Purchase that are not associated with any investigation. You claim the confiscation of these items and the Lucky Buddha statue prevents Buddhist inmates from practicing the Buddhist religion.

You indicate on the initial appeal several inmates received spiritual packages in November and December of 2006 containing the Lucky Buddha statue, spiritual relaxation music and some incense sticks. You claim the ISU inspected the packages, photographed the items and subsequently gave the packages to the proper authority to issue the contents. Then on January 19, 2007, the ISU raided the cells of several Buddhist inmates and confiscated the items in question. You allege the items had been inspected and approved by the ISU and J. Mattingly, Warden (A), is responsible for authorizing the confiscations carried out by the ISU.

You request; (1) the ISU to return your property and replace the religious items desecrated with the same or similar religious value. (2) PVSP should create a memorandum/regulation stating that it is illegal to be a Buddhist and/or to possess any materials used for practicing Buddhism.

A thorough review of your appeal issue reveals the following information. There are no regulations that speak specifically to the Buddhist Religion, however there are regulations that address the manner in which the packages are received.

Departmental Operations Manual (DOM) (OP) 54030.10.9 Religious Items states, "Religious items are subject to approval by designated custody staff and the institutional chaplain. Custody staff shall consult institutional chaplains and spiritual leaders whenever possible when considering the disapproval of religious items."

Cheng, K-42221
First Level Appeal Response, Log No.: PVSP-C-07-00792
Page 2

You have been advised in your previous appeal response, whatever investigation is
being conducted, does not center on your authorization to possess the items in
question.   Nor are you being prevented in anyway from exercising your right to
practice Buddhism.   However, based on the need to preserve the integrity of the
investigation and the sensitivity of that investigation no other information will be
made available to you until the investigation has been completed.

Considering the above information, your appeal is partially granted in that all
authorized items will be returned to the appropriate inmates upon the completion of
the investigation.

R. CORLEY
Correctional Lieutenant
Investigative Services Unit

E. H. BEELS
Associate Warden
Central Operations

# EXHIBIT



# Memorandum

Date : November 29, 2007

To : Cheng, S., K-42221                    **GROUP APPEAL**
     Pleasant Valley State Prison

Subject : **SECOND LEVEL APPEAL RESPONSE**
          **LOG NO.: PVSP-C-07-00792**

**ISSUE**: You contend the Investigative Services Unit (ISU) conducted a cell search and confiscated religious artifacts from you, and two other inmates, without issuing a property receipt. You feel this denied your rights of practicing your religious beliefs. You have submitted this as a group appeal.

You are requesting property returned from ISU and to replace items thrown into trash bags with same or similar value.

C. Hudson, Appeals Coordinator, investigated your appeal at the second level of review.

**INTERVIEWED BY**: R. Corley, Correctional Lieutenant, on April 3, 2007.

**REGULATIONS**: The rules governing this issue are:

- California Code of Regulations (CCR), Title 15, Section 3190. General Policy.

- Department Operations Manual (DOM), Article 43. Inmate Property.

**RESPONSE**: Lieutenant Corley investigated and partially granted this appeal at the first level of review noting an investigation is pending and, upon completion, allowed items will be returned to appropriate inmates.

In section D of this appeal you provide an additional request for Pleasant Valley State Prison (PVSP) to create a regulation stating it is illegal to be Buddhist and/or to possess any materials used for practicing Buddhism. As indicated in the first level response, there is no current regulation regarding the Buddhism religion. It is your opinion, the confiscation of these items indicated PVSP does not allow Buddhists to practice religion. This has not been proven by your allegations and you have not provided any supporting evidence.

On November 29, 2007, Ms. Hudson contacted Lieutenant Corley for an update on the investigation. Lieutenant Corley indicated this issue continues to be an ongoing investigation. In addition, Lieutenant Corley stated the purpose of the confiscation was in no way an effort to prevent inmates from practicing their religion, rather to enforce the policy as to how religious artifacts are to be obtained. You are advised, pending completion of the investigation, this issue has been fully addressed and should not be forwarded to the third level of review until such time it may be completely resolved.

Second Level Response
Cheng, S., K-42221, PVSP-C-07-00792
Page 2

**DECISION**:  Your appeal is partially granted at the second level of review, as indicated in the first level response.

You are advised this issue may be submitted for a Directors Level of Review, if desired; however, as indicated above the outcome may not be complete due to a pending investigation.

JAMES A. YATES
Warden

JAY: cmh

# EXHIBIT



STATE OF CALIFORNIA
• DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **MAR 1 9 2008**

**Group Appeal**

In re: Samban Cheng, K42221
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210-8500

IAB Case No.: 0717384          Local Log No.: PVSP-07-00792

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Hodges Wilkins. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on January 19, 2007, the Investigative Services Unit (ISU) staff confiscated religious items belonging to the appellant and three other Buddhist inmates that were previously approved by the ISU in September 2006. The appellant states that he believes that that occurred because he filed a civil complaint against the Acting Warden on October 15, 2006.

The appellant requests that the ISU staff return the confiscated property and replace the religious items that were desecrated with the same or similar religious value.

**II   SECOND LEVEL'S DECISION:** The reviewer found that it is the appellant's opinion that the confiscation of these items indicate that Pleasant Valley State Prison (PVSP) does not allow Buddhists to practice religion. This has not been proven by the appellant's allegations and he has not provided any supporting evidence.

At the Second Level of Review (SLR) the ISU Lieutenant, R. Corley was contacted for an update on the investigation. Correctional Lieutenant (Lt.) Corley indicated that this issue continues to be an ongoing investigation. In addition, Lt. Corley stated that the purpose of the confiscation was in no way an effort to prevent inmates from practicing their religion, rather to enforce the policy as to how religious artifacts are to be obtained. The appellant was advised that pending completion of the investigation, this issue has been fully addressed and should not be forwarded to the Director's Level of Review (DLR) until such time it may be completely resolved.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** All submitted documentation and supporting arguments have been considered. The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant modification of the SLR. Despite the advise of the Second Level reviewer, the appellant did submit his appeal to the Director's Level of Review (DLR) prior to the completion of the investigation. Appeals Coordinator C. Hudson was contacted at the DLR. Her subsequent contact with Lt. Corley on March 17, 2008, reflects information that this investigation is still pending. As such, the appellant's property has not been returned to him or the other inmates involved in this investigation.

**B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section (CCR): 3190, 3191

**C.   ORDER:** No changes or modifications are required by the Institution.

The appellant shall, pursuant to CCR section 3084.2(f)(2), share this response with the other inmates who signed this appeal.

SAMBAN CHENG, K42221
CASE NO. 0717384
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PVSP
        Appeals Coordinator, PVSP

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

PHIA LEE, ET AL.,

v.                                          **Case Number:**

M. HODGES WILKINS, ET AL.,

**PROOF OF SERVICE**

          Defendant(s)          /

I hereby certify that on       April 18, 2008          , I served a copy

of the attached    Civil Rights Complaint with In Forma Pauperis    ,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

Coalinga, California                    :

**(List Name and Address of Each
Defendant or Attorney Served)**

United States District Court
for the Eastern District of California
Office of the Clerk
2500 Tulare Street, Suite 1501
Fresno, California 93721

I declare under penalty of perjury that the foregoing is true and correct.

_Rhia Lee_

**(Signature of Person Completing Service)**